# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IMAGE 1 STUDIOS, LLC,**

        **Plaintiff,**

**-vs-**                                                          **Case No. 6:12-cv-1570-Orl-22DAB**

**KRISTINA YOUNGBLOOD,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause comes before the Court *sua sponte* on review of the Notice of Removal filed by Plaintiff/Counter-Defendant. For the reasons set forth herein, the Court respectfully recommends that the matter be remanded for lack of jurisdiction.

According to the Notice of Removal (Doc. 1), Plaintiff filed a Complaint on March 29, 2012, in state court. Defendant moved to dismiss. On July 27, 2012, Plaintiff filed the First Amended Complaint, and Defendant again moved to dismiss. On September 18, 2012, Plaintiff filed the Second Amended Complaint, which set forth state law causes of action (Doc. 2). On September 26, 2012, Defendant filed her answer, affirmative defenses and counterclaims in state court. The instant Notice of Removal, filed by *Plaintiff,* followed. Plaintiff contends that removal is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331 "inasmuch as Defendant's Counterclaim alleges that Plaintiff violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201." (Doc. 1). The Court finds it is without jurisdiction, and remand is required.

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division

embracing the place where such action is pending." A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321. A court can, of course, question its jurisdiction at any time *sua sponte*.

Under § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The decision whether a claim arises under federal law for purposes of § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith,* 236 F.3d at 1310 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). Under the well-pleaded complaint rule, "merely having a federal defense to a state law claim is insufficient to support removal." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."). "[T]he basic principle [is] that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them." 14C Charles Alan Wright, Arthur R. Miller Edward H. Cooper & Joan E. Steinman, FEDERAL PRACTICE AND PROCEDURE § 3730 (4th ed. 2009).

Here, the Complaint does not establish federal question jurisdiction, because it contains only

state law causes of action and does not show that any "substantial question of federal law" is necessary

for the plaintiff to obtain the requested relief. *Smith*, 236 F.3d at 1310-11 (citing *Franchise Tax Bd.*, 463 U.S. at 27-28). Defendant's FLSA claims arose not from the Complaint in this case, but rather from Defendant's assertion of her counterclaim. As the Supreme Court stated in *Franchise Tax Bd.*, a federal question jurisdiction exists only when "the plaintiff's complaint establishes that the case 'arises under' federal law." *Id.* at 10, 103 S.Ct. at 2847 ("[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

The Supreme Court has held that a counterclaim cannot serve as the basis for "arising under" federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). In *Holmes Group*, a defendant asserted a compulsory patent law counterclaim and argued that the well-pleaded complaint rule would allow the counterclaim to serve as the basis for federal question jurisdiction. *Id.* at 828-30. The Supreme Court disagreed, holding: "[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831. The Supreme Court reasoned that, "[A]llowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* at 832. Based on the *Holmes Group* precedent, Defendant's counterclaim under the FLSA cannot serve as the basis for federal question jurisdiction.

Moreover, removal is limited to defendants. *See,* Wright & Miller, *supra* ("Thus, plaintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them.") In a case directly on point, *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, a resort owner sued a former employee and his new employer, a competitor resort, for state claims

of breach of contract, tortious interference with contract, and business conspiracy. 478 F.Supp.2d 861, 864 (E.D. Va. 2006). Defendant-employee filed an answer asserting a counterclaim for violations of the FLSA and other state law claims. *Id.* The resort owner removed the action. The court held that the defendant's FLSA counterclaim could not serve as basis for removal to federal court when original complaint asserted only state law claims. *Id.* at 864-5 (rejecting request to realign the parties so as to make removal possible where the only federal question presented is in the state court defendants' counterclaim).

Here, Image 1 Studios original claim in the Amended Complaint stated no federal cause of action – it alleged only state tort and contract claims against the Defendant; therefore, the case is not removable by Defendant, and certainly not by Plaintiff, under the well-pleaded complaint rule. *See Mortgage Electronic Registration Systems, Inc. v. Malugen*, No. 6:11-cv-2033-Orl-22, 2012 WL 1382265, 8 (M.D. Fla. Apr. 3,2012) ("Thus, the law is well settled that federal claims raised in a counterclaim may not serve as a basis for removal jurisdiction."); *Atco Parts, Inc. v. Garrison,* No. 6:09-cv-687-Orl-22DAB, 2009 WL 1360887 (M.D. Fla.,May 13, 2009)(accord).

For the foregoing reasons, it is **respectfully recommended** that the matter be remanded, as improvidently removed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 22, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy